## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

**TAYLOR STEWART III,**

     *Plaintiff,*

**v.**

                                         Case No.:

                                         **Hon.**

**CITY OF HIGHLAND PARK, a Michigan
Municipal Corporation and OFFICER
LARRY LITTLE,**

     *Defendants.*

| | |
|---|---|
| Antonio D. Tuddles (P64158) | Todd Russell Perkins (P55623) |
| Attorney for Plaintiff | Nikkiya T. Branch (P68844) |
| 65 Cadillac Square, Ste. 2133 | **THE PERKINS LAW GROUP, PLLC** |
| Detroit, MI 48226 | Attorneys for Defendant – City of Highland Park |
| (313) 965-1457 | 615 Griswold, Ste. 400 |
| | Detroit, MI 48226 |
| | (313) 964-1702 |
| | Fax: (313) 964-1980 |
| | tperkins@perkinslawgroup.net |
| | nbranch@perskinslawgroup.net |

## NOTICE OF REMOVAL TO FEDERAL COURT

     Defendants, City of Highland Park, a Municipal Corporation, Highland Park Police Officer Larry Little, now pending in the Circuit Court in and for Wayne County, Michigan (the "State Court"), Case Number 15-011545-CZ, all join in, consent, and file this Notice of Removal of this suit from the State Court to the United States Eastern District Court of Michigan. Defendants do so without waiving but reserving all procedural and substantive rights and defenses. Defendants aver to this court as follows:

1.

On September 2, 2015, Plaintiff filed his Complaint in the State Court captioned " Taylor Stewart v. City of Highland Park, A Michigan Municipal Corporation and Officer Larry Little," Case Number 15-011545-CZ. A copy of the Complaint filed by Plaintiff is attached and hereto is **Exhibit 1.** The Sate Court is within the Eastern District of Michigan.

## SERVICE OF PROCESS

2.

Plaintiff served the Complaint on the City of Highland Park ("the City"), a Michigan Municipal Corporation, via first class mail.  The City received the complaint on September 17, 2015.

3.

Plaintiff has not yet properly severed Defendant Officer Larry Little.

## BASIS FOR FEDERAL QUESTION REMOVAL

4.

In his Complaint, Plaintiff alleges Defendants violated 42 U.S.C Sec 1983 (See Exhibit 1 Count V).

5.

Federal jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C sec. 1331. In his complaint, Plaintiff alleges his rights to due process were violated, right to equal protection laws, and the due course of justice was impeded in violation of the Constitution, including, but not limited to, the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C sec 1983 (**See Exhibit 1**). This action is of civil nature seeking monetary damages from Defendants pursuant to a law of the United States. (**Id**.)

6.

This action is removed pursuant to 28. U.S.C. Sec. 1441 (a), as Plaintiff's violation of 42 U.S.C. Sec. 1983 claim is within the " original jurisdiction" of district courts pursuant to 28 U.S.C Sec 1331. Therefore, the requisite federal question for original jurisdiction as required by 28 U.S.C. Sec. 1441 (a) is satisfied.

7.

The United States District court for the Eastern District of Michigan is an appropriate venue for removal pursuant to 28 U.S.C Sec. 1391, Sec 1441(a) and Sec 1446(a).

8.

Plaintiff also asserts a cause of action under state law. However, because this court has original jurisdiction of Plaintiff's federal claims, this Court may accept the state law cause of action under this Court's supplemental jurisdiction since the state claim shares " a common nucleus of operative fact" with the 42 U.S.C sec 1983 claims. See 28 U.S.C. Sec. 1367 and 1441(c); *Carnegie-Mellon Univ. Cohill,* 484 U.S. 343 (1988); *United Mine Workers V. Gibbs,* 383 U.S. 715, 725-27 (1866). The federal claims and state claim both arise from the same *42* U.S.C sec 1983 violation alleged in the complaint. Plaintiff's state law claim is therefore removable to federal court as a state law supplemental claim.

9.

This action is therefore a civil action over which this Court has original jurisdiction under 28 U.S.C Sec 1331, and is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. sec 1441 (b) in that it is a civil action arising under the laws of the United States.

**TIMLEY REMOVAL**

10.

This Notice of Removal is being filed within the time allowed by 28 U.S.C Sec. 1446(b) because it is filed within thirty (30) days after the Defendants received the papers that provided the basis for removal of this action.

**PROPERLY FILED REMOVAL**

11.

Pursuant to 28 U.S.C 1446, this Notice of Removal complies with the requirement of 28 U.S.C Sec 1446 (a) concerning a short and plain statement for ground of removal, and with 28 U.S.C sec. 1447 (b) concerning the filing of all documents from the state court action. Pursuant to 28 U.S.C sec 1466 (d), a copy of this Notice of Removal has been filed in the State Court, and has been served upon the Plaintiff. A copy of the Notice of State Court of removal is attached here to as **Exhibit 2.**

WHEREFORE, Defendants give notice that the action now pending in the circuit court in and for Wayne County, Michigan, is hereby removed to the United States District Court for the Eastern District of Michigan.

Respectfully Submitted,

By: _____
Nikkiya T. Branch (P68844)
PERKINS LAW GROUP PLLC
Attorney for Defendant City Highland Park
615 Griswold, Ste. 400
Detroit, Michigan 48226

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2015, I caused to be served by first class mail and

through the Court's ECF system the foregoing pleading upon counsel of record.

Respectfully Submitted,

By: _____

Nikkiya T. Branch (P68844)
PERKINS LAW GROUP PLLC
Attorney for Defendant City Highland Park
615 Griswold, Ste. 400
Detroit, Michigan 48226

# Exhibit 1

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT**
**FOR THE COUNTY OF WAYNE**

TAYLOR STEWART III
    *Plaintiff,*

.V.

Judge: *Annette Berry*
Case No.N1 *15-011545-*
                                *CZ*

CITY OF HIGHLAND PARK, *A Michigan Municipal Corporation*
OFFICER LARRY LITTLE
    *Defendants.*



RECEIVED
SEP 17 2015

ANTONIO D. TUDDLES (64158)
ATTORNERY FOR PLAINTIFF
65 CADILLAC SQUARE. STE 2133
DETROIT, MI 48226
(313)965-1457

There is no other pending civil litigation arising out of this transaction or occurrence alleged in this complaint.

## COMPLAINT AND JURY DEMAND

    **NOW COMES**, Plaintiff, Taylor Stewart, by and though his attorney, Antonio D. Tuddles, and for their Complaint in the above captioned matter and states the following:

## JURISDICTIONAL AVERMENTS

1. Plaintiff is an individual who at all times relevant resided in the city of Highland Park, Wayne County, and the State of Michigan.

2. Defendant City of Highland Park is a municipal corporation doing business in the City of Highland Park, Wayne County, and State of Michigan.

3. Defendant Highland Park Police Officer Larry Little is an individual who at all times relevant was an employee of the City of Highland Park assigned to its

police department and works in the City of Highland Park, Wayne County, and State of Michigan.

4. That the incidents that form the basis of this Complaint took place in the City of Highland Park, Wayne County, and State of Michigan.

5. That the amount in controversy exceeds $25,000.00 and is within the jurisdiction and venue of this Court.

## FACTS

6. Plaintiffs reallege and incorporate herein the prior allegations, as if fully stated herein.

7. On or about September 3, 2013 Plaintiff was at the location of Woodward Avenue in the City of Highland Park at all times relevant.

8. The Defendant police officers arrived at the location under the purported claim of investigating whether Plaintiff Taylor Stewart III had made an illegal left hand turn.

9. Plaintiff Taylor Stewart III immediately stopped his vehicle so he could be investigated by Officer Little.

10. Plaintiff Taylor Stewart III was approached by Officer Little.

11. That Officer Little asked Plaintiff Taylor Stewart to step out of his vehicle.

12. That Plaintiff Taylor Stewart III complied with the demands of Officer Little.

13. That once out of the vehicle plaintiff Taylor Stewart III was instructed by Officer Little to turn around and place his hands on the roof of the vehicle.

14. That Plaintiff Taylor Stewart III complied with Officer Little's demands; turned around and placed his hands on the roof of his vehicle.

15. Further, the Defendant police officer unlawfully beat, punched, kicked, and slammed the Plaintiff without justification or provocation.

16. The beating by the Defendant Police Officer caused Plaintiff to require medical attention; in that Plaintiff Taylor Stewart III's tooth was kick out while being held on the ground.

17. The Plaintiff held in a jail cell pending criminal charges that were ultimately brought against him.

18. The criminal charges against Plaintiff were subsequently dismissed; Plaintiff found not guilty.

## COUNT I – FALSE ARREST/FALSE IMPRISONMENT

19. Plaintiff re-alleges and incorporates herein the prior allegations, as if fully stated herein.

20. That at all times relevant hereto, Defendant Highland Park police officer, while acting within the scope of their employment for Defendant City of Highland Park and under the color of their authority as police officers, arrested Plaintiff and by exercising a lack of probable cause, caused Plaintiff to be wrongfully detained under the pretense that Plaintiff had violated the law.

21. No warrant should have been issued by any magistrate or judge for the arrest and detention of Plaintiff, nor did Plaintiff commit any criminal offense in the presence of the Defendant police officer.

22. Defendant physically restrained Plaintiff without proper justification or probable case and deprived him of personal liberty and freedom of movement in a jail cell.

23. The imprisonment and restraint were against Plaintiff will or consent and Plaintiff was conscious of the unlawful confinement at all times.

24. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable, particularly in light of the fact that Plaintiff had not committed any criminal offense.

25. That at all times pertinent hereto, the Defendant police officer was in violation of Article 1, Section II of the Michigan Constitution of 1963 and the United States Constitution.

26. That as a proximate result of Defendant Highland Park police officer gross negligence and intentional, willful, wanton, reckless, and malicious unlawful conduct, Plaintiff suffered injuries, including but not limited to mental anguish, pain, suffering, loss of enjoyment of life, humiliation and degradation.

   **WHEREFORE,** Plaintiff seek judgment against Defendant, jointly and severally, for damages in whatever amount in excess of $25,000.00 to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages.

## COUNT II – GROSS NEGLIGENCE

27. Plaintiff re-alleges and incorporates herein the prior allegations.

28. That at all times relevant hereto, Defendant Highland Park Officer, while acting within the scope of their employment for Defendant City of Highland Park and under the color of their authority as Police Officers, arrested Plaintiff, physically

beat Plaintiff caused Plaintiff to be wrongfully detained and imprisoned under the pretense that they had violated the law.

29. That as a Highland Park police officer, Defendants had a duty to the Plaintiff to exercise any and all interaction with them in a reasonable and non-negligent manner, not cause harm, and refrain from any act or omission that would proximately result in injury or harm to Plaintiff.

30. That each Defendant conducts which proximately caused Plaintiff injuries and damages, was grossly negligent where it was reckless and demonstrated a substantial lack of concern for whether Plaintiff would be injured. MCL 691.1407(7) (A).

31. That as a direct and proximate result of each Defendant  gross negligence and unlawful conduct, Plaintiff suffered injuries, including but not limited to past, present, and future mental anguish, pain, suffering, loss of enjoyment of life, humiliation and degradation.

32. That Defendants City of Highland Park and City of Highland Park police officer knew of should have known of the grossly negligent, willful, wanton, reckless, deliberately indifferent, intentional, and/or oppressive conduct and tendency and propensity of the individual Defendant to so act, yet permitted, adopted, and/or ratified such conduct in violation of Plaintiffs rights and Defendants duties owed to Plaintiff.

33. Defendant is further liable for Plaintiffs injuries and damages pursuant to MCL 691.1407(2)

**WHEREFORE,** Plaintiff seek judgment against Defendant, for damages in whatever amount in excess of $25,000.00 to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages.

<u>**COUNT III – ASSAULT AND BATTERY**</u>

34. Plaintiff re-alleges and incorporates herein the prior allegations, as if fully stated herein.

35. That at all times relevant hereto, Defendant City of Highland Park Police Officer, while acting within the scope of their employment for the Defendant City of Highland Park and under the color of their authority as an Police officers arrested, assaulted, battered Plaintiff and by exercising unreasonable, unlawful, unjustified touching, caused, Plaintiff to be wrongfully detained and injured under the pretense that they had violated the law.

36. That Plaintiff was grabbed, punched, kicked, and unlawfully touched and or placed in fear of an imminent touching, handcuffed, and detained by Defendant City of Highland Park Police officer.

37. Plaintiff never gave his consent to be touched in any manner by Defendant City of Highland Park Police officer nor did Plaintiff commit any criminal offense in the presence of Defendant Highland Park police officer.

38. Plaintiff never resisted any arrest by the Defendant Highland Park Police officer.

39. Defendant Highland Park police officers actions caused Plaintiff to be apprehensive and fearful of imminent physical injury.

**WHEREFORE,** Plaintiff seek judgment against Defendant, jointly and severally, for damages in whatever amount in excess of $25,000.00 to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff re-alleges and incorporates herein the prior allegations, as if fully stated herein.

41. That at all times relevant hereto, Defendant City of Highland Park Police Officer, while acting within the scope of their employment for the Defendant City of Highland Park and under the color of their authority as an Police officers, arrested Plaintiff and by exercising unreasonable threats, caused Plaintiff to be wrongfully detained under the pretense that they had violated the law.

42. That the gross negligence, assault and false arrest by the individual Defendant Highland Park Police Officer and Plaintiff subsequent detention and prosecution was intentional and pursued to discredit and inflict emotional distress upon Plaintiff.

43. The actions of the individual Defendant Highland Park Police Officer was outrageous, extreme, reckless, and intentional and or reckless acts that were meant to inflict emotional distress upon Plaintiff.

44. The Plaintiff has been embarrassed, humiliated, harassed and suffered mental anguish and emotional distress, which has impaired their standing as a member of their community.

**WHEREFORE,** Plaintiff seek judgment against Defendant, jointly and severally, for damages in whatever amount in excess of $25,000.00 to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages.

## COUNT V - 42 §1983

45. Plaintiff re-alleges and incorporates herein the prior allegations, as if fully stated herein.

46. That the Defendant City of Highland Park Police Officer, acting under color of state law, took Plaintiff into physical custody, establishing a custodial relationship with Plaintiff, giving rise to affirmative duties on the part of Defendants secure Plaintiff constitutionally protected rights.

47. That at all times relevant hereto, Defendant City of Highland Park Police Officer, while acting while acting within the scope of their employment for the Defendant City of Highland Park and under the color of their authority as an Police officers, arrested Plaintiff and by exercising unreasonable threats, caused Plaintiff to be wrongfully detained under the pretense that they had violated the law.

48. That as a direct and proximate result of the Defendant officer actions, under color of law and regulations and customs consisted a violation of Plaintiff rights to due process, Fourth Amendment rights against unlawful seizures, equal protection and freedom from cruel and unusual punishment.

49. That Defendant's actions showed a reckless disregard and or callous indifference for the constitutional rights of Plaintiff.

50. That Defendant City of Highland Park tolerated, condoned, approved, ratified, or acquiesced in creation of polices practices, and customs establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

**WHEREFORE,** Plaintiff seek judgment against Defendant, jointly and severally, for damages in whatever amount in excess of $25,000.00 to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages.

## <u>COUNT VI – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS</u>

51. Plaintiff re-alleges and incorporates herein the prior allegations, as if fully stated herein.

52. Plaintiff's Fourteenth Amendment constitutionally protected right to liberty, including personal safety, freedom from captivity, and medical care was violated.

53. Plaintiff's right to fair and equal treatment as guaranteed by the Equal Protection clause of the Fourteenth Amendment was violated as Defendants unlawfully beat, arrested and jailed Plaintiff without provocation

54. Defendant City of Highland Park Officer, acting under color of state law and in concert with on another, showed outrageous, reckless disregard for Plaintiffs constitutional rights and deliberate indifference in physically beating and detaining him.

55. As a direct and proximate result of Defendant officers conduct, Plaintiff suffered loss of freedom, physical injury, emotional injury, and deprivation of constitutionally protected rights.

56. Defendant City of Highland Park acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

57. That was a direct and proximate result of these polices, practices, customs, Plaintiff was deprived of his constitutionally protected rights.

**WHEREFORE,** Plaintiff seek judgment against Defendant, jointly and severally, for damages in whatever amount in excess of $25,000.00 to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages.

Respectfully submitted,

/s/ *Antonio D. Tuddles*
Law Office of Antonio D. Tuddles
Antonio D. Tuddles
Attorney for Plaintiff
65 Cadillac, Suite 2133
Detroit, MI 48226

# Exhibit 2

# UNITED STATES DISTRICT COURT

## IN THE CIRCUIT COURT OF THE COUNT OF WAYNE

**TAYLOR STEWART III,**

      *Plaintiff,*

**v.**

**CITY OF HIGHLAND PARK, a Michigan Municipal Corporation and OFFICER LARRY LITTLE,**

      *Defendants.*

Case No.:15-011545-CZ

**Hon. Annette Berry**

---

| | |
|---|---|
| Antonio D. Tuddles (P64158) | Todd Russell Perkins (P55623) |
| Attorney for Plaintiff | Nikkiya T. Branch (P68844) |
| 65 Cadillac Square, Ste. 2133 | **THE PERKINS LAW GROUP, PLLC** |
| Detroit, MI 48226 | Attorneys for Defendant – City of Highland Park |
| (313) 965-1457 | 615 Griswold, Ste. 400 |
| | Detroit, MI  48226 |
| | (313) 964-1702 |
| | Fax: (313) 964-1980 |
| | tperkins@perkinslawgroup.net |
| | nbranch@perskinslawgroup.net |

---

## NOTICE OF REMOVAL TO FEDERAL COURT

---

TO:    Clerk of Circuit Court
         Wayne County, Michigan
         2 Woodward Ave., 201 CAYMC

         Antonio D. Tuddles
         65 Cadillac Square, Ste. 2133
         Detroit, MI 48226

PLEASE TAKE NOTICE that the City of Highland Park, Defendant in the above-styled case have this date through undersigned counsel, forwarded, via electronic filing to the Clerk of the United Stated District Court for the Eastern District of Michigan, its Notice of Removal of this case. A copy of the Notice of Removal is attached hereto.

1

Respectfully Submitted,

By: _____

Nikkiya T. Branch (P68844)
PERKINS LAW GROUP PLLC
Attorney for Defendant City Highland Park
615 Griswold, Ste. 400
Detroit, Michigan 48226

Dated: October 13, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing
instrument was served upon the attorneys of record of all parties
to the above cause at their respective addresses as disclosed by the
pleadings of record herein on October 13, 2015

by:     ☒ E-File

*I declare under the penalty of perjury that the statement above
is true to the best of my information, knowledge and belief.*

_____

Nikkiya T. Branch

---

2